IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ERIC SHAWN RAY,<br>Petitioner,<br><br>v.<br><br>SCOTT CROW, Director, Oklahoma<br>Department of Corrections,[1]<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§   EP-21-CV-244-DCG |

## MEMORANDUM OPINION AND ORDER

Eric Shawn Ray, Oklahoma State Prisoner Number 210440, challenges his continued custody through a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1-1. His petition is dismissed without prejudice for the following reasons.

## BACKGROUND AND PROCEDURAL HISTORY

Ray is currently serving a thirty-year sentence in Oklahoma. See Oklahoma State Courts Network Docket Search, https://www.oscn.net/dockets/ (search for CF-2018-239, McCurtain County) (last visited Oct. 18, 2021).[2] A jury found him guilty on two counts of domestic assault and battery on his wife which resulted in great bodily harm on May 17, 2019, in case number CF-2018-239, in McCurtain County District Court in Idabel, Oklahoma. Id.

---

[1] Ray names "Request Ex Parte Status" as the Respondent. He is incarcerated at the Davis Correctional Facility, a private prison in Holdenville, Oklahoma, because of a state-court judgment in case number CF-2018-239, in McCurtain County District Court in Idabel, Oklahoma. "If the petitioner is currently in custody under a state-court judgment, the petitioner must name as respondent the state officer who has custody." Rule 2(a) of the Rules Governing Section 2254 Cases. The Director of Corrections for the State of Oklahoma, Scott Crow, is therefore his custodian. See Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 494–95 (1973); https://oklahoma.gov/doc/about/office-of-the-director.html (last visited Oct. 18, 2021). The case name is accordingly changed to Eric Shawn Ray, Petitioner, v. Scott Crow, Director, Oklahoma Department of Corrections, Respondent.

[2] See Fed. R. Evid. 201(b)(1) and (2) (permitting a court to take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the trial court's jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

Court records show Ray was sleeping with his wife in the home they shared in Idabel on the morning of October 3, 2018. See Oklahoma State Courts Network Docket Search, https://www.oscn.net/dockets/ (search for F-2019-437, Okla. Crim. App.) (last visited Oct. 18, 2021), Appellee's Br. 2. His sleep was interrupted when his wife began making noises. Id. He woke her up and she cursed him as she got up and walked to the bathroom. Id. He followed her into the bathroom, struck her in the back of her head with his fist, and returned to the bedroom. Id. at 3. When she walked back into the bedroom and told him she was going to her father's apartment, he punched her in the face and caused her to suffer significant facial bleeding and a bilateral nasal plate fracture. Id. He grabbed a backpack and some clothes and fled to Texas. Id. at 4.

Ray was arrested in Ector County, Texas, for possession of marijuana on October 23, 2018. Pet'r's Pet. 30, ECF No. 1-1. He was notified after his arrest of an outstanding warrant for felony failure to appear in Washington County, Arkansas. Id. at 31. Consequently, he was held without bail in the Ector County jail. Id. He indicated to local officials that he planned to plead to an information and complaint alleging a violation of Texas Health and Safety Code § 481.121(b)(1), a class B misdemeanor, in cause number 18-4830-CCL2 in Ector County Court at Law Number 2. See Ector County Portal – District, County & Justice Records, https://portal-txector.tylertech.cloud (last visited Oct. 18, 2021). But he failed to appear for his arraignment on December 19, 2018, and a capias was issued for his arrest. Id.

Ray failed to appear because authorities had already moved him to McKinney, Texas, on October 31, 2018, based on an outstanding warrant in Collin County. Id. He was arraigned in Collin County on a misdemeanor charge of theft by check. Id. He was also placed on a "no bail hold" due to the Arkansas warrant and a detainer. Id.

2

Ray claims he was notified on November 9, 2019, that he was also wanted by the State of Oklahoma on the felony charge of assault and battery on his wife. Id. at 32. He said he "was advised of his rights under [the] Interstate Agreement on Extradition Act."[3] Id. He added he declined to waive extradition proceedings. Id.

On December 12, 2018, Ray was taken into custody by a McCurtain County sheriff's deputy at the Collin County jail and forcibly transported across the Texas-Oklahoma state line to the McCurtain County jail. Id. at 33. He was arraigned in McCurtain County, Oklahoma, on December 14, 2018, in case number CF-2018-239 on the domestic violence charge. Id.

While a pretrial detainee in the McCurtain County jail, Ray filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Oklahoma. See Ray v. Tadlock, 6:19-CV-16-JHP (E.D. Okla.), Order, ECF No. 4. He claimed that "his initial arrest was without probable cause." Id. at 2. He alleged that he "was not advised of any rights, including rights regarding the Interstate Agreement on Extradition Act, and he was not allowed to contact anyone before [his] arraignment." Id. He maintained that "he was held without bail for no lawful reason." Id.

The Court dismissed Ray's petition because it determined, after reviewing Ray's state-court records, that he had failed to exhaust his state remedies. Id. at 3.

Ray filed a second § 2241 petition in the Eastern District of Oklahoma while a still pretrial detainee. See Ray v. Crow, 6:19-CV-159-RAW (E.D. Okla.), Order, ECF No. 4. He claimed that "he was unlawfully seized in Texas and removed to Oklahoma in violation of the

---

[3] See Letizia v. Hickman, No. CV H-18-0930, 2018 WL 1783798, at *1 n.7 (S.D. Tex. Apr. 13, 2018) ("[T]he Uniform Criminal Extradition Act authorizes the arrest and extradition of anyone in Texas who is wanted in connection with a criminal offense in another state. See Tex. Code Crim. Proc. Art. 51.13, §§ 7–9 (detailing the governor's duty to issue a warrant of arrest which 'shall authorize' a peace officer or other person to arrest the accused 'at any time and any place where he may be found within the State').")

3

United States Constitution, the Interstate Agreement on Extradition Act, and the Oklahoma Bill of Rights." Id. at 1.

The State opposed Ray's petition. It noted that he was convicted in case number CF-2018-239 after his petition was filed. Id. at 2. It added that he had appealed his conviction, and his appeal was still pending. Id.

Consequently, the Court denied Ray's second petition because his case was on appeal, and he had not exhausted the issues he raised. Id. at 3. The Court also found Ray had "failed to make a 'substantial showing of the denial of a constitutional right,' as required by 28 U.S.C. § 2253(c)(2)." Id. at 4.

The Oklahoma Court of Criminal Appeals subsequently affirmed Ray's conviction and sentence in case number CF-2018-239. See Oklahoma State Courts Network Docket Search, https://www.oscn.net/dockets/ (search for F-2019-437, Okla. Crim. App.) (last visited Oct. 18, 2021), Summ. Op. 9.

In his instant petition, Ray alleges that his Fourth, Fifth, and Fourteenth Amendment rights—as well as his rights under the Uniform Criminal Extradition Act and Interstate Agreement on Detainers[4] and—were violated by law enforcement authorities in Ector County between the date of his "illegal arrest" on October 23, 2018, until his transfer to McKinney, Texas, on October 31, 2018. Pet'r's Pet. 6. He maintains that he was "completely denied due

---

[4] See United States v. Mauro, 436 U.S. 340, 343–44 (1978) ("[T]he Interstate Agreement on Detainers . . . is designed 'to encourage the expeditious and orderly disposition of . . . charges [outstanding against a prisoner] and determination of the proper status of any and all detainers based on untried indictments, informations, or complaints.' Art. I. It prescribes procedures by which a member State may obtain for trial a prisoner incarcerated in another member jurisdiction and by which the prisoner may demand the speedy disposition of certain charges pending against him in another jurisdiction. In either case, however, the provisions of the Agreement are triggered only when a 'detainer' is filed with the custodial (sending) State by another State (receiving) having untried charges pending against the prisoner; to obtain temporary custody, the receiving State must also file an appropriate 'request' with the sending State.").

4

process in Ector County" when authorities failed to give him notice of the Oklahoma charge before transferring him to Collin County. Id. He asserts that once the "Texas authorities became liable . . . they had a vested interest in [his] extradition" to Oklahoma. Id. at 7. He further claims that the Oklahoma assault occurred in Indian County. Id. Hence, he argues that he had a right to have authorities in Texas determine whether he was subject to federal or state jurisdiction for the offense. He asks the Court to "establish jurisdiction over the alleged offense and void [his] conviction." Id. at 8. He also asks the Court to "dismiss all charges . . . in all three states . . . with prejudice." Id.

## APPLICABLE LAW

A prisoner is entitled to § 2241 relief only to remedy a restraint on his liberty which violates the constitution, treaties, or laws of the United States. United States v. Hayman, 342 U.S. 205, 211–12 & n.11 (1952). He may be entitled to § 2241 relief "regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." Dickerson v. State of La., 816 F.2d 220, 224 (5th Cir. 1987). But he must show he is "in custody' and must have exhausted his available state remedies" to be eligible for habeas relief. Id. "Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court . . . the application may be filed in [either] the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). Finally, a court must "award the writ or issue an order directing the Respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

## ANALYSIS

Ray alleges that law enforcement authorities in Ector County violated his rights between

5

the date of his "illegal arrest" on October 23, 2018, until his transfer to Collin County on October 31, 2018. Pet'r's Pet. 6, ECF No. 1-1. He maintains that he was "completely denied due process" when the authorities failed to give him notice of the Oklahoma charge before transferring him to Collin County. Id.

Ray is not in custody in Ector County. Pet'r's Pet. 1. He has also not been convicted or sentenced in Ector County. See Ector County Portal – District, County & Justice Records, https://portal-txector.tylertech.cloud (last visited Oct. 18, 2021). The charges against him there are pending. Id.

Ray does not detail why he believes his arrest in Ector County was illegal. "Although pro se habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'" Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990) (quoting United States v. Woods, 870 F.2d 285, 288 n.3 (5th Cir. 1989). Ray will need to allege more than his arrest was illegal to obtain habeas relief.

Admittedly, Ector county is within the jurisdiction of the Western District of Texas. 28 U.S.C. §124(d)(3). But the doctrine of abstention announced in Younger v. Harris, 401 U.S. 37, 45 (1970), requires the Court, absent special circumstances, to "abstain in cases in which a state criminal proceeding is pending." DeSpain v. Johnston, 731 F.2d 1171, 1177 (5th Cir. 1984). Specifically, the Younger doctrine requires a federal court to decline to exercise jurisdiction over a state-criminal-defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." Bice v. Louisiana Pub. Defender Bd., 677 F.3d 712, 716 (5th Cir. 2012) (citing Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)) (internal citations omitted). All three conditions are met here.

6

The Court will not intervene in the Ector County proceedings.

Ray also asserts that once the "Texas authorities became liable . . . they had a vested interest in [his] extradition" to Oklahoma. Pet'r's Pet. 7, ECF No. 1-1. He further claims that the Oklahoma assault occurred in Indian County. Id. He argues that he had the right to have authorities in Texas determine whether he was subject to federal jurisdiction for the offense. Id. He asks the Court to "establish jurisdiction over the alleged offense and void [his] conviction." Id. at 8. He further asks the Court to "dismiss all charges . . . in all three states . . . with prejudice." Id. In essence, he asks the Court to somehow reverse his extradition to Oklahoma and exercise jurisdiction over an offense he maintains occurred in Indian Country.

Article IV of the Constitution provides that interstate extradition is a "summary and mandatory executive proceeding." Michigan v. Doran, 439 U.S. 282, 288 (1978) (citing U.S. Const. art. IV, § 2, cl. 2 ("A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.")). "[O]nce the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive." Id. at 289. As a result, once extradition is completed, a court may no longer afford a habeas petitioner relief. See Edwards v. Bowles, 109 F. App'x 704 (5th Cir. 2004) (dismissing petitioner's habeas corpus action on appeal because petitioner already had been extradited) (citing Schlang v. Heard, 691 F.2d 796, 799 & n.6 (5th Cir. 1982) ("This claim is not moot in the sense that it fails the 'in custody' requirement, see Carafas v. LaVallee, 391 U.S. 234 (1968), but in the sense that, since Schlang has been released, there is

7

simply no relief this court can give him in a habeas proceeding.).

Article III of the Constitution limits jurisdiction of federal courts to actual "cases" and "controversies." U.S. CONST. art. III, § 2. A moot case presents no Article III case or controversy, and a federal court has no constitutional jurisdiction to resolve the issues presented in such a matter. Adair v. Dretke, 150 F. App'x 329, 331 (5th Cir. 2005) (citing Goldin v. Bartholow, 166 F.3d 710, 717 (5th Cir. 1999)).

Ray has already been extradited to Oklahoma. He can no longer challenge his extradition proceedings. He does not have an actual case or controversy for the Court to address. His claims regarding his extradition are moot.

Finally, Ray is incarcerated in Holdenville, Oklahoma, because of a state-court judgment in case number CF-2018-239, in McCurtain County District Court in Idabel, Oklahoma. Pet'r's Pet. 1, ECF No. 1-1. He may file an application for habeas relief in the Eastern District of Oklahoma where he was convicted and where he is in custody—but not in the Western District of Texas.

## CONCLUSION AND ORDERS

The Court concludes that it should abstain from exercising jurisdiction over Ray's claims arising from his arrest and prosecution in cause number 18-4830-CCL2 in Ector County Court at Law Number 2. The Court further concludes that Ray's claims arising from his extradition from Texas to Oklahoma are moot. The Court also concludes that it does not have jurisdiction over Ray's claims arising from his arrest, prosecution, and conviction in case number CF-2018-239, in McCurtain County District Court in Idabel, Oklahoma. Thus, the Court finally concludes it appears from Ray's petition that he is not entitled to relief at this time. The Court, therefore, enters the following orders:

**IT IS ORDERED** that Ray's "Petition for a Writ of Habeas Corpus under 28 U.S.C. §

2241" (ECF No. 1-1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that all pending motions are **DENIED.**

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SO ORDERED.**

SIGNED this 20th day of October 2021.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE